**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID JOHNSON,

    Petitioner,

v.                                                   Case No. 3:07-cv-484-J-32JRK

WALTER A. MCNEIL, et al.,

    Respondents.

_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2005 state court (Duval County) conviction for burglary of a structure and burglary of a dwelling on the ground that his defense attorney was ineffective for failing to move to suppress a portion of Petitioner's written confession.

Respondents filed an Answer in Response to Order to Show Cause (Doc. #11) (hereinafter Response). Petitioner has replied. See Reply in Traverse to Respondents' Answer in Response to Order to Show Cause Regarding Petition for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C.A. § 2254 by a State Prisoner (Doc. #20). Thus, this case is ripe for review.[1]

---

[1] Respondents have set forth the state court procedural history in their Response. See Response at 1-9. They also assert that the Petition was timely filed. Id. at 11. Thus, this Court will not repeat the procedural history.

1

## II.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## III.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[2] resulted in a decision that was: "(1) . . . contrary

---

[2] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

2

> to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard,[4] 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 550 U.S. at 473-74. "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## **IV. Findings of Fact and Conclusions of Law**

As noted previously, Petitioner contends that counsel was ineffective for failing to move to suppress a portion of Petitioner's written confession. Petitioner raised this issue in

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[4] Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

3

state court in a motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion). However, Petitioner alleges more facts in support of this claim in the Petition before this Court than he raised in state court in his 3.850 motion.

In state court, he alleged that he voluntarily confessed to the burglary of a structure, but he unequivocally told Detective Wolcott that he did not wish to be interrogated about the burglary of a dwelling charge. Ex.[5] H at 3. Thereafter, Detective Wolcott asked Petitioner to write a statement, and when Petitioner said he did not know what to write, the detective said, "I want you to write that you stole that man's tools and jewelry." Id. Thus, Petitioner asserted that counsel should have moved to suppress the portion of the written statement referring to the jewelry because it was obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Id. at 3-11.

In the Petition before this court, Petitioner makes the following additional allegations: (1) defense counsel never questioned why the interview was not recorded and/or transcribed; and (2) defense counsel did not call Sergeant Griffin, a witness to the interview, to rebut the testimony of Detective Wolcott.[6] Thus, Respondents contend that, to the extent Petitioner raises additional claims in support of this claim in his Petition that were not included in his 3.850 motion, this claim is procedurally barred. This Court agrees.

---

[5] The Court hereinafter refers to the exhibits appended to the Index to Appendix (Doc. #12) as "Ex."

[6] Respondents also claim that the portion of this claim "referencing intoxication" is procedurally barred. Response at 12. However, this Court is satisfied that Petitioner exhausted this portion of his claim. See Ex. H at 9-10.

4

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts.'" Turner, 339 F.3d at 1281 (quoting O'Sullivan, 526 U.S. at 845).

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust these additional allegations in support of his ineffectiveness claim because they could have and should have been included in his 3.850 motion. Further, any 3.850 motion filed at this time would be subject to dismissal as untimely and successive. Thus, these additional allegations have been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon

a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court will not address any allegations that were not raised in Petitioner's 3.850 motion because they are procedurally barred.

The Court will now address the exhausted portion of Petitioner's ineffective assistance of counsel claim. "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam) .

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Thus, "it is important to keep in mind that '[i]n addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a [S]tate court's decision--when we are considering whether to grant federal habeas relief from a [S]tate court's decision.'" Williams v. Allen, 598 F.3d 778, 789 (11th Cir. 2010) (alteration in original) (quoting Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004)).

The 3.850 court found this ineffectiveness claim to be without merit because Petitioner failed to set forth grounds upon which defense counsel could have successfully challenged the admissibility of Petitioner's written statement. Ex. H at 58. Upon Petitioner's appeal, the First District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. K. Thus, there are qualifying decisions under AEDPA.

The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th

Cir. 2001), cert. denied, 537 U.S. 978 (2002). Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds the claim to be without merit. The record reflects that Detective Wolcott advised Petitioner of his Miranda rights and that Petitioner signed a written waiver of those rights. Ex. B at 105-07. Furthermore, Detective Wolcott testified that Petitioner voluntarily agreed to speak about the burglaries. Id. at 107. Detective Wolcott also testified that he did not tell the Petitioner what to write in the written statement. Id. at 148. Thus, defense counsel's performance was not deficient because he could have reasonably believed that it would have been fruitless to file a motion to suppress.

Furthermore, Petitioner has not shown the requisite prejudice. Even if this portion of his written statement had been suppressed, the jury would have still heard Detective Wolcott's testimony regarding Petitioner's verbal confession to the burglary of a dwelling. Additionally, the jury heard an audiotape of a telephone conversation during which Petitioner admitted that he was guilty of burglary and that he had broken into one home and entered an open garage. Ex. B at 156-58.

In sum, Petitioner has shown neither deficient performance nor prejudice. Thus, he is not entitled to habeas corpus relief. Any claims not specifically addressed by this Court are found to be without merit. Accordingly, the Petition will be denied, and this case will be dismissed with prejudice.

## **V. Certificate of Appealability**

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of June, 2010.

*TIMOTHY J. CORRIGAN*
United States District Judge

ps 5/18
c:
David Johnson
Counsel of Record